## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYCHAL LAHEY,<br><br>            Plaintiff,<br><br>v.<br><br>QUIDEL CORPORATION, DOUGLAS C. BRYANT, KENNETH F. BUECHLER, PH. D., EDWARD L. MICHAEL, KATHY P. ORDOÑEZ, MARY LAKE POLAN, M.D., PH.D., M.P.H., ANN D. RHOADS, CHARLES P. SLACIK, MATTHEW W. STROBECK, PH.D., KENNETH J. WIDDER, M.D., and JOSEPH D. WILKINS JR.,<br><br>            Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### BACKGROUND

1.      This action concerns a proposed transaction ("Proposed Transaction") announced on December 23, 2021, pursuant to which Quidel Corporation ("Quidel" or the "Company") will merge with Ortho Clinical Diagnostics Holdings plc ("Ortho").

2.      On December 22, 2021, Quidel's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a business combination agreement (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Quidel will combine with Ortho to form Coronado Topco, Inc. ("Topco"), which will be publicly traded on the NASDAQ (the "Proposed Transaction"). Pursuant to the terms of the Merger Agreement,

Quidel shareholders will own approximately 62% of the combined company (the "Merger Consideration")

3.      On January 31, 2022, in order to convince Quidel's shareholders to vote in favor of the Proposed Transaction, Defendants filed a materially incomplete and misleading S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC").

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, Plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

5.      In addition, a special meeting of Quidel's shareholders will be held to vote on the Proposed Transaction (the "Shareholder Vote").  It is, therefore, imperative that the material information that has been omitted from the Registration Statement is disclosed prior to the Shareholder Vote so Quidel's shareholders can properly exercise their corporate voting rights and make an informed decision on whether to vote in favor of the merger.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act and 28 U.S.C. §1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7.      This Court has jurisdiction over Defendants because each defendant is either a corporation that conducts business in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible

under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (a) the conduct at issue will have an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (c) certain Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.  Additionally, the Company's shares trade on the NASDAQ, which is headquartered in this District.

## THE PARTIES

9.     Plaintiff is, and has been continuously throughout all times relevant hereto, a Quidel shareholder.

10.    Defendant Quidel is a Delaware corporation and party to the Merger Agreement.  Quidel shares are traded on the NASDAQ under the ticker symbol "QDEL."

11.    Defendant Douglas C. Bryant is the Company's President and Chief Executive Officer and a director of the Company.

12.    Defendant Kenneth F. Buechler, Ph.D., is Chairman of the Board and a director of the Company.

13.    Defendant Edward L. Michael is a director of the Company.

14.    Defendant Kathy P. Ordoñez is a director of the Company.

15.    Defendant Mary Lake Polan, M.D., Ph.D., M.P.H. is a director of the Company.

16.    Defendant Ann D. Rhoads is a director of the Company.

17.    Defendant Charles P. Slacik is a director of the Company.

18.     Defendant Matthew W. Strobeck, Ph. D. is a director of the Company

19.     Defendant Kenneth J. Widder, M.D., is a director of the Company.

20.     Defendant Joseph D. Wilkins, Jr. is a director of the Company

## FACTS

21.     Defendant Quidel is a provider of rapid diagnostic testing solutions, cellular-based virology assays, and molecular diagnostic systems. The Company is engaged in the development, manufacturing, and marketing of rapid diagnostic testing solutions. These diagnostic testing solutions are separated into its four product categories: rapid immunoassay, cardiometabolic immunoassay, molecular diagnostic solutions, and specialized diagnostic solutions. It sells its products directly to end users and distributors, in each case, for professional use in physician offices, hospitals, clinical laboratories, reference laboratories, urgent care clinics, universities, retail clinics, pharmacies, and wellness screening centers.

22.     Ortho is a provider of in-vitro diagnostics ("IVD") solutions to the clinical laboratory and transfusion medicine communities. Ortho's instruments, assays, reagents and other consumables are used in hospitals, laboratories, clinics, blood banks, and donor centers worldwide.

23.     On December 22, 2021, Quidel's Board caused the Company to enter into the Merger Agreement.

24.     According to the press release announcing the Proposed Transaction:

**SAN DIEGO, CA and RARITAN, NJ--(BUSINESS WIRE)— December 23, 2021** — Quidel Corporation (NASDAQ: QDEL) ("Quidel") and Ortho Clinical Diagnostics Holdings plc (NASDAQ: OCDX) ("Ortho") today announced that they have entered into a definitive agreement in which Quidel will acquire Ortho, one of the world's largest in vitro diagnostics companies, for $24.68 per share of common stock using a combination of cash and newly issued shares in the combined company, representing a 25% premium over Ortho's closing price on December 22, 2021 and an equity value of approximately $6.0 billion. The

4

transaction is expected to close during the first half of fiscal year 2022, subject to customary closing conditions.

***

**Transaction Details**

Under the terms of the agreement, which was unanimously approved by the Board of Directors of each company, Quidel will acquire Ortho for $24.68 per share of common stock, for a total consideration of approximately $6.0 billion, including $1.75 billion of cash, funded through cash on the balance sheet and incremental borrowings. The combined company will also acquire Ortho's existing net debt of $2.0 billion.Ortho shareholders will receive $7.14 in cash per common share and 0.1055 shares of common stock in the combined company for each Ortho common share, with Ortho shareholders expected to own approximately 38% of the combined company. This represents an implied premium of 25% when compared to Ortho's unaffected closing stock price on December 22, 2021.Following the close of the transaction, the combined company's Board of Directors will consist of 12 members, eight (8) designated by Quidel and four (4) designated by Ortho. Quidel's current President and Chief Executive Officer, Douglas Bryant, will serve as Chairman and Chief Executive Officer of the combined company. Joseph M. Busky will be the Chief Financial Officer, Robert Bujarski will be President and Chief Operating Officer, and Michael Iskra will be Chief Commercial Officer.The transaction, which is subject to approval by both companies' shareholders as well as customary closing conditions and regulatory approvals, is expected to close in the first half of 2022.

**Advisors**

Quidel's financial advisors in connection with this acquisition are Perella Weinberg Partners LP and Citi, and its legal advisor is Gibson, Dunn & Crutcher LLP.

Ortho's exclusive financial advisor is J.P. Morgan Securities LLC, and its legal advisor is Latham & Watkins LLP.

25.     The Merger Consideration is unfair because, among other things, the intrinsic value of the Company is in excess of the amount the Company's shareholders will receive in connection with the Proposed Transaction.

26.     It is therefore imperative that the Company's shareholders receive the material information that Defendants have omitted from the Registration Statement so that they can meaningfully assess whether the Proposed Transaction is in their best interests prior to the vote.

27.     In addition, Section 7.5 of the Merger Agreement requires Quidel to pay up to a $207,839,918.46 "termination fee" in the event this agreement is terminated by Quidel and improperly constrains the Company from obtaining a superior offer.  Such a termination fee is excessive and unduly restrictive to Quidel's ability to consider other offers.

28.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

29.     The Registration Statement omits material information concerning Quidel's, Ortho's, and Topco's financial projections.

*30.*     With respect to *Quidel Management Projections for Quidel*, the Registration Statement fails to disclose: (1) all line items used to calculate (i) Revenue, (ii) EBITDA, (iii) Unlevered FCF; and (2) a reconciliation of all non-GAAP metrics.

31.     With respect to *Quidel Management Projections for Ortho*, the Registration Statement fails to disclose: (1) all line items used to calculate (i) Revenue, (ii) EBITDA, (iii) Unlevered FCF; and (2) a reconciliation of all non-GAAP metrics.

32.     With respect to *Ortho Management Projections for Ortho*, the Registration Statement fails to disclose: (1) all line items used to calculate (i) Total Revenue, (ii) Core Revenue, (iii) Adjusted EBITDA (excluding Ortho Synergies Estimates), (vi) Unlevered FCF; and (2) a reconciliation of all non-GAAP metrics.

33.     With respect to *Ortho Management Projections for Quidel*, the Registration Statement fails to disclose (1) all line items used to calculate (i) Total Net Revenue, (ii) Adjusted EBITDA (post-stock based compensation and excluding synergies), (iii) Unlevered FCF; and (2) a reconciliation of all non-GAAP metrics.

34.     With respect to *Unaudited Pro Forma Synergy Estimates for Topco*, the

Registration Statement fails to disclose (1) all line items used to calculate Quidel's and Ortho's (i) Cost synergies estimates and (ii) Revenue synergies estimates ; and (2) a reconciliation of all non-GAAP metrics.

35.    The disclosure of projected financial information is material information necessary for shareholders to gain an understanding of the basis for any projections as to the future financial performance of the combined company.   In addition, this information is material and necessary for shareholders to understand the financial analyses performed by the companies' financial advisors rendered in support of any fairness opinion.

36.    Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Perella Weinberg Partners LP ("Perella"), in connection with the Proposed Transaction.

37.    With respect to Perella's *Equity Research Analyst Price Target Statistics*, the Registrations Statement fails to disclose: (i) the price targets observed and (ii) the source of the price targets.

38.    With respect to Perella's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose the (i) terminal value of the Company and Ortho and (ii) individual inputs and assumptions underlying (a) perpetual growth rates ranging from 2.0% to 3.0%; (b) discount rates ranging from 7.0% to 8.0% for Ortho; and (c) discount rates ranging from, 7.0% to 8.0% for Quidel.

39.    Third, the Registration Statement omits material information regarding the analyses performed by Ortho's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"), in connection with the Proposed Transaction.

40.    With respect to J.P. Morgan's *Public Trading Multiples*, the Registration

Statement fails to disclose (i) the multiples and metrics for the companies observed by J.P. Morgan in its analysis and (ii) the multiples and metric used to calculate the ratios of the company's firm value to the consensus equity research analyst estimates for the company's adjusted earnings before interest, taxes, depreciation and amortization post-stock based compensation for the year ending December 31, 2022.

41.      With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose the (i) terminal value of the Company and Ortho and (ii) individual inputs and assumptions underlying (a) perpetual growth rates ranging from 2.0% to 3.0%; (b) discount rates ranging from 6.5% to 7.5% for Ortho; (c) discount rates ranging from, 7.5% to 8.5% for Quidel; and (d) net debt for each of Ortho and Quidel as of December 31, 2021.

42.      Fourth, the Registration Statement omits material information regarding the engagement of J.P. Morgan.

43.      The Registration Statement fails to disclose the exact amount of compensation J.P. Morgan received or will receive in connection with the Proposed Transaction. Specifically, the Registration Statement fails to reveal the conditions under which J.P. Morgan may be paid "a fee of up to $50 million" or at least $40 million, as well as the amount of remuneration that Ortho expects to pay J.P. Morgan in connection with its engagement.

44.      Fifth, the Registration Statement fails to disclose sufficient information regarding communications about post-transaction employment and directorship during the negotiation of the Proposed Transaction.

45.      The omission of the above-referenced material information renders the Registration Statement false and misleading.

46.      The above-referenced omitted information, if disclosed, would significantly

alter the total mix of information available to the Company's shareholders.

## CLAIMS FOR RELIEF

## COUNT I

## (AGAINST ALL DEFENDANTS FOR VIOLATIONS OF SECTION 14(a) OF THE EXCHANGE ACT AND RULE 14a-9 PROMULGATED THEREUNDER)

47.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, requires that Registration Statement communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

49.     Defendants issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

50.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  By virtue of their roles as officers and/or directors, each of the Individual Defendants were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that

were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders as required.

51.    The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in preparing and reviewing the Registration Statement.  Defendants were also negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.

52.    The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law.

## COUNT II

### (AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT)

53.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54.    The Individual Defendants acted as controlling persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of the Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially

incomplete and misleading.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

57.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

58.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons,

these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

60.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 14, 2022                     **MOORE KUEHN, PLLC**

                                          */s/Justin Kuehn*
                                          Justin A. Kuehn
                                          Fletcher W. Moore
                                          30 Wall Street, 8th floor
                                          New York, New York 10005
                                          Tel: (212) 709-8245

jkuehn@moorekuehn.com
fmoore@moorekuehn.com
*Attorneys for Plaintiff*